IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



FILED
NOV 6 2020
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**ANDRE MARQUIS MONROE,**

    Petitioner,

v.                                 **CRIMINAL ACTION NO. 4:17-cr-11**

**UNITED STATES OF AMERICA,**

    Respondent.

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Petitioner Andre Marquis Monroe's ("Petitioner") *pro se* Motion to Vacate, Set Aside, or Correct a Sentence pursuant to Title 28, United States Code, Section 2255. For reasons set forth below, the Petitioner's Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On April 7, 2017, Petitioner was charged in a ten-count superseding indictment for a variety of drug-related offenses to include conspiracy, distribution of cocaine, possession with the intent to distribute cocaine, and the use of a firearm in furtherance of a drug trafficking crime. ECF No. 3. On June 12, 2017, Petitioner pled guilty to Counts 1 and 10 of the indictment. Count 1 charged Petitioner with Conspiracy to Distribute 280 Grams or More of Cocaine Base and 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). ECF No. 24. Count 10 charged Petitioner with Discharge of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A). *Id.*

According to the Presentence Investigation Report, Petitioner was involved with a drug trafficking organization operating in Hampton and Newport News, Virginia. ECF No. 30. Petitioner sold large quantities of cocaine on the Peninsula between August 2015 and February

2017. *Id.* During the investigation, law enforcement interviewed numerous confidential sources and co-conspirators, and conducted a number of undercover drug transactions in which Petitioner sold cocaine to undercover law enforcement agents. *Id.* Additionally, Petitioner directed others in connection with the purchase and transportation of cocaine. *Id.* On June 9, 2016, Petitioner shot a purchaser and subsequently threatened and bribed the purchaser with additional drugs and money to prevent him from identifying Petitioner to authorities. *Id.*

On October 3, 2017, Petitioner was sentenced to 240 months imprisonment for Count 1 and 144 months imprisonment for Count 10 for a total of 384 months, all to be served consecutively. ECF No. 36.

Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 on August 7, 2020. ECF No. 40. Petitioner contends that his offense of conviction cannot qualify as a crime of violence under 18 U.S.C. § 924(c)(3) after the United States Supreme Court's ("Supreme Court") ruling in *United States v. Davis*, 139 S. Ct. 2319 (2019). The Government filed its Response in Opposition on September 28, 2020. ECF No. 43. Petitioner did not file a reply. After reviewing the parties' filings, the Court has determined that a hearing on this matter is not necessary. Accordingly, the matter is ripe for disposition.

## II. LEGAL STANDARDS

### A. Section 2255

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

2

Additionally, *pro se* filers are entitled to more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 generally "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178–79 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). Issues that should have been raised on direct appeal are deemed waived, procedurally defaulted, and cannot be raised on a § 2255 Motion. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999). However, an individual may raise a procedurally defaulted claim if he or she can show (1) "cause and actual prejudice resulting from the errors of which he complains;" or (2) that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. . . . [meaning] the movant must show actual innocence by clear and convincing evidence." *Id.* at 492–93. To demonstrate cause and prejudice, a petitioner must show the errors "worked to [his or her] actual and substantial disadvantage, infecting [his or her] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

### B. Drug Trafficking Crimes and Crimes of Violence Under 18 U.S.C. § 924(c)(1)

Section 924(c)(1)(A) provides that a person who uses or carries a firearm "during and in relation to any crime of violence or drug trafficking crime" or who "possesses a firearm" "in furtherance of any such crime" may be convicted of both the underlying crime(s) *and* the additional, distinct crime of utilizing a firearm in connection with a "crime of violence or drug trafficking crime."

Section 924(c)(2) defines a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." Furthermore, § 924(c)(3) defines "crime of violence" as "an offense that is a felony" and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Courts commonly refer to § 924(c)(3)(A) as the "force clause" and to § 924(c)(3)(B) as the "residual clause." The "residual clause" of § 924(c)(3)(B) has been held unconstitutionally vague by the Supreme Court in *United States v. Davis*, 139 S. Ct. 2319 (2019).[1] Therefore, any analysis of whether a felony offense constitutes a crime of violence must meet the force clause. *See* 18 U.S.C. § 924(c)(3)(A).

### III. DISCUSSION

As a preliminary matter, Petitioner's Motion is untimely. In 1996, Congress amended the law governing § 2255 motions as part of the Antiterrorism and Effective Death Penalty Act. *See* Pub. L. No. 104-132, Title I, § 105, 110 Stat. 1220. Title 28, U.S.C. § 2255 now provides in relevant part:

> "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] *See also Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) (holding a similar residual clause defining crimes of violence in 18 U.S.C. § 16(b) to be unconstitutionally vague); *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding another residual clause defining crimes of violence in 18 U.S.C. § 924(e)(2)(B) to be unconstitutionally vague).

4

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2255 (2004). To determine whether Petitioner has timely filed his motion, the Court must measure one year from the most recent date provided by § 2255 Subsections One through Four.

For the purposes of Subsection One, Petitioner did not seek appeal of his conviction and sentence, making his conviction final when the time for filing a notice of appeal expired. *See Clay v. United States*, 537 U.S. 522 (2003). Petitioner's conviction therefore became final 14 days after the date of his sentencing, or October 17, 2017. Subsection Two does not apply because Petitioner has not alleged that any impediment in violation of the Constitution or laws of the United States prevented him from filing his motion. Under Subsection Three, Petitioner *has* identified newly recognized rights under *Davis*; however, the one-year time period expired on June 24, 2020–one year after the Supreme Court issued the *Davis* opinion. Finally, under Subsection Four, Petitioner does not allege that he was unable to discover any facts supporting his claim through due diligence.

Turning back to Subsection Three, Petitioner *does* indicate that in light of the ongoing COVID-19 pandemic, his corrections facility "has been on lock-down since March 14, 2020 and access to [the] law library has been [] impossible." ECF No. 40 at 3. The Court recognizes that Petitioner may have experienced issues in attempting to timely file the present motion while facing the impact of a global pandemic. Accordingly, the Court will toll the filing deadline under Subsection Three pursuant to *Holland v. Florida*, 560 U.S. 631 (2010), as the circumstances surrounding the pandemic were both extraordinary and beyond Petitioner's control.

As for the substance of Petitioner's claim, Petitioner relies on the Supreme Court's holding in *United States v. Davis* to support his proposition that because the residual clause of §

5

924(c)(3)(B) is unconstitutionally vague, his conviction on Count 10 cannot stand. *See* ECF No. 40. Petitioner's contention is without merit.

Petitioner's offenses are unaffected by the Supreme Court's jurisprudence on § 924(c)(3). Petitioner was convicted for Discharge of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A). Petitioner's criminal conduct does not require an assessment of any definition of a "crime of violence" under § 924(c)(3). Instead, Petitioner took part in a "drug trafficking crime" which is defined in § 924(c)(2) as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46."

In this case, the superseding indictment names Count 1 and Count 8—Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C)—as the underlying offenses supporting Count 10, the offense at issue. ECF No. 15. Both Counts 1 and 8 are felonies under the Controlled Substances Act which qualifies Counts 1 and 8 as "drug trafficking crimes" under § 924(c)(2). Accordingly, Petitioner's claim fails because the legal precedents invalidating residual clauses do not apply to his sentence because Petitioner's conduct is related to drug trafficking crimes, not crimes of violence. Therefore, Petitioner was properly convicted and sentenced for Count 10, Discharge of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A), and his claim under *United States v. Davis* is without merit.

## IV. CONCLUSION

For the reasons above, Petitioner's Motion is **DENIED**.

This Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); Fed. R. App. P.

6

22(b)(1). This means that Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)); *see United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017). Petitioner's claims are based on incorrect interpretations of statutory provisions and judicial precedent. As such, Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, and a Certificate of Appealability is **DENIED**.

In addition, the Court **ADVISES** Petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date. The Court **DIRECTS** the Clerk to provide a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Newport News, Virginia
November 6 , 2020

Raymond A. Jackson
United States District Judge